```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CARLA BOUVIER,                      )
          Plaintiff,                )
                                    )
     v.                             )    C.A. No. 09-10865-PBS
                                    )
COMMONWEALTH OF MASSACHUSETTS,      )
ET AL.,                             )
          Defendants.               )
```

<u>MEMORANDUM AND ORDER</u>
July 20, 2009

SARIS, D.J.

I.   INTRODUCTION

   A.   <u>The Instant Action</u>

   On May 20, 2009, plaintiff Carla Bouvier ("Bouvier"), a resident of Sagamore, Massachusetts, filed a civil rights Complaint against a number of defendants, including: (1) the Commonwealth of Massachusetts; (2) Jim McGarrigle; (3) Perry Lee Tavares; (4) Sandi Martin; (5) Douglas Johnson; (6) Nancy Johnson; (7) Robert L. Perry; (8) Peter B. Morin; and (9) Tom Florence.  The Complaint, which Bouvier has entitled: "The Snow Ball Effect: Welfare Slavery and Housing Prostitution[,] Slavery, Slave Trading, Prostitution, Rape, Theft and Robbery," consists of six pages set forth in narrative form, and contains hyperbolic, nonsensical, and/or delusional statements.  It is not coherent or organized.  Bouvier asserts that for the past ten years she and her two children have been the victims of slavery, slave trading, sabotage, prostitution, conspiracy with intent to kill or murder, theft and robbery.  Compl. at 1.  She also

asserts that the defendants acted with malice, coercive misconduct and abuse of power.  Id.  From what can be gleaned, her specific allegations against the defendants are summarized as follows:

1. The Commonwealth of Massachusetts

Although the Commonwealth is a named defendant in this case, Bouvier has not asserted any claims directly against the Commonwealth.

2. Jim McGarrigle

Bouvier claims that Jim McGarrigle ("McGarrigle") held her captive and caused her economic and emotional abuse for several years.  Compl. at 5.  She also claims that McGarrigle made derogatory comments and threatened her and her children.  Bouvier believes that McGarrigle is the person that has caused all of her problems, alleging that: "Jim McGarrigle like Manson probably didn't pull the actual trigger, but he helped to instigate, threaten, intimidate and initiate this whole ordeal."  Id. at 6.

3. Perry Lee "Tiny" Tavares

Bouvier claims that Perry Lee "Tiny" Tavares ("Tavares") used "some type of political influence and used his influence to monopolize" her life.  Id. at 2.  She asserts that Tavares made suggestive comments to her and asked about having a relationship with her.  Bouvier rejected Tavares's proposition and contends that because she did not pursue a relationship with him he

2

retaliated against her by blocking her from obtaining a housing subsidy, and by stalking her.  Id.  She claims this left her and her two children homeless and "forced into welfare slavery."  She alleges that this "is an act of unconstitutional laws Slave Trading."  Id.

   4.   Sandi Martin

Bouvier asserts that Sandi Martin abused her power as an employee at the Department of Transitional Assistance ("DTA") and discriminated against Bouvier.  Id. at 1.  She does not elaborate as to the underlying facts supporting this allegation.

   5.   Douglas Johnson

Bouvier claims that she felt forced to pursue a relationship with Douglas Johnson ("Johnson") in order to secure housing for her and her two children.  Id.  She claims that Johnson had experience in social services and had a working relationship with the DTA.  Id.  Bouvier felt that if she had a relationship with Johnson that she would be able to secure housing.  Id.

   6.   Robert Perry

Bouvier alleges she had a relationship with Robert Perry, but when she refused his offer of marriage, he became vindictive and made derogatory comments to her.  Bouvier alleges that she started experiencing "more than overwhelming issues of sabotage" meaning that someone or some entity was trying to discredit her. Id. at 2-3.

7.  <u>Nancy Johnson</u>

Nancy Johnson is the ex-wife of Douglas Johnson.  <u>Id</u>. at 1. Bouvier claims that once Nancy Johnson discovered the relationship Douglas Johnson was having with her, she used her influence to make it difficult for Bouvier to secure housing. <u>Id</u>.  Bouvier also asserts that Nancy Johnson caused her to be unable to secure legal counsel because of her position with the [Board of] Bar of Overseers Hearing for the Judiciary Committee, alleging that legal counsel "has been steered to not represent her in fear of their practices or jobs."  <u>Id</u>.  She also claims that Nancy Johnson has caused her unfair trials in the Plymouth Court or any court.

8.  <u>Peter B. Morin</u>

Bouvier claims that she and former state representative Peter Morin ("Morin") were introduced to each other by defendant Tom Florence.  <u>Id</u>. at 4.  Bouvier and Morin developed an intimate relationship; however, after some time Bouvier decided to end the relationship in order to provide for her children.  She asserts that after she ended the relationship with Morin, he "condemned" her music managers' efforts, and caused her to lose her music contract and career, out of jealousy.  <u>Id</u>. at 4-5.  Bouvier asserts that Morin and Tom Florence sabotaged her music career and her business efforts "through ways of political corruption and misconduct."  <u>Id</u>. at 5.

4

9. <u>Tom Florence</u>

Finally, Bouvier asserts that Tom Florence ("Florence") almost caused her death. <u>Id</u>. at 3. She claims that he threatened her doctors and influenced her to take prescription medications that caused her to be admitted to the Emergency Room, and that this almost killed her. <u>Id</u>. She claims that someone used "political misconduct to try and kill her with prescription drugs." <u>Id</u>. She also claims that Florence routinely took her to night clubs and introduced her to his male friends, attempting to engage her in a form of prostitution.[1] <u>Id</u>. at 3-4.

On June 26, 2009, Bouvier filed an Addendum to her Complaint (Docket No. 4) in which she requests the Court admit additional evidence. She proposes a character witness, Frederick C. Fusaro, whom she claims "[ran] interference in her and her family's lives on or around August 2004. She states he was told that the "favor asked was for someone in politics" but he declined to participate in the scheme. She asks the Court rule in favor of her conspiracy claims.

Accompanying her Complaint, Bouvier filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

---

[1] Bouvier states: "Year prior to the incident Tom Florence was delighted when I would engage into night club socials with his friends in which he would always introduce me to, for some peculiar reason. [*sic*] for which I was not interested. His actions seemed suggestive and indecent. It sounds like the defendant was trying to engage me in an indecent proposal or just blatant prostitution!" <u>Id</u>.

B. <u>Prior Related Litigation</u>

On May 15, 2007, Bouvier filed a two-page self-prepared Complaint with exhibits against numerous defendants, including the defendants named in the instant action, as well as others. <u>See</u> <u>Bouvier v. Commonwealth of Massachusetts, et al.</u>, Civil Action No. 09-10909-NG.  In the civil cover sheet accompanying the Complaint, Bouvier alleged her claims to be "sabatoge, [sic] discrimination, and slander."  Bouvier also complained about the denial of her Section 8 housing application for the past eight years, claiming that the defendants were involved in a conspiracy to discredit her as a business woman and as a woman of color.

On August 22, 2007, Magistrate Judge Joyce London Alexander issued a Report and Recommendation (Docket No. 5) recommending dismissal of the Complaint for failure to satisfy the filing fee requirements of this Court.  On September 10, 2007, Judge Gertner adopted the Report and Recommendation and dismissed the case. <u>See</u> Order of Dismissal (Docket No. 6).  Judge Gertner noted that the four corners of the Complaint revealed substantial pleading deficiencies, and failed to set forth cognizable federal claims sufficient to invoke the subject matter jurisdiction of the Court.  <u>Id</u>. at 1, n.1.

II. DISCUSSION

A. <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Bouvier's financial disclosures indicating

that she has no assets or income apart from Social Security benefits and less than $400 in cash or savings, that she is facing eviction, and that she cares for a disabled child, the Court finds that she has demonstrated sufficiently that she lacks funds to pay the $350.00 filing fee for this action.

Accordingly, Bouvier's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is hereby ALLOWED.

B.  Screening of the Instant Complaint

Because Bouvier is proceeding *in forma pauperis*, her Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton, 504 U.S. at 32-33.  Further, in addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction.  McCulloch v. Velez, 364 F.3d 1, 5

(1st Cir. 2004).

The Court liberally construes Bouvier's Complaint because she is proceeding *pro se*.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  However, upon review of the Complaint, the Court finds this action must be dismissed *sua sponte* because Bouvier has failed to set forth a legitimate basis to invoke the subject matter jurisdiction of this Court.  Concomitantly, Bouvier has also failed to state any cognizable federal claims upon which relief may be granted, warranting dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   C.   Failure to Comply With Fed. R. Civ. P. 8;
        Failure to State Cognizable Claims and a Basis for
        Subject Matter Jurisdiction

Bouvier's Complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a

defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action ... , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Additionally, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1) (as amended, effective December 1, 2007).

Here, the Complaint essentially contains a narrative of bizarre allegations.  Even after an extensive review, it is virtually impossible to decipher or parcel out any cognizable federal claim as to any particular defendant that legitimately would invoke the subject matter jurisdiction of this Court, nor can this Court decipher any claim upon which relief may be granted.[2]

---

[2] Although Bouvier references "slavery" and "slave trading" as a cause of action, this does not raise real constitutional concerns based on the allegations in the Complaint; this is, at best, an exaggerated spin on the circumstances.  Moreover, to the extent she claims that her housing has been impacted, these claims are not sufficiently pled so that a violation of federal law could be considered as having been raised.  This Court cannot, even under a broad reading of the Complaint, discern any cognizable claims for violations of federal housing laws.  Further, Bouvier's claims of rape, theft, and robbery, do not raise federal claims under the allegations contained in the Complaint.

In addition, Bouvier has not delineated clearly or precisely what claims are linked with which defendants.  Moreover, it is not possible to determine which allegations are meant to state a cause of action, or are meant merely as support for other claims.  The Complaint is set forth in a fragmented, unorganized form, and does not recite events in chronological order nor does it specify dates of the alleged events.  There is no central theme of the Complaint, but merely snippets of various claims (such as prostitution, slavery, theft, etc.) made through bald allegations without sufficient factual underpinnings.

In short, without detailing each and every pleading deficiency in the Complaint, the Court finds that Bouvier's Complaint is not lucid, and lacks the "who, what, when, where, and why" information necessary to set forth a cognizable claim as to each defendant separately.

Notwithstanding that she is proceeding *pro se* and that she lacks legal skills, the burden is on Bouvier to set forth her claims in a manner that would permit the defendants to file a meaningful response.  Here, it would be immensely unfair to the defendants to peruse the Complaint and guess as to the nature of the alleged civil rights violations.  As the United States Supreme Court has recently stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed her.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (May 18, 2009) (detailed factual allegations are not required under Rule 8, but

a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555).

To sum, by pleading in the manner she has, Bouvier has failed to meet the requirements for proceeding in this Court, and her claims are dismissed for lack of subject matter jurisdiction[3] and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

---

[3] There is no basis for finding that diversity jurisdiction under 28 U.S.C. § 1332 exists, and there is no basis for finding that federal question jurisdiction has been raised *bona fide* under 28 U.S.C. § 1331.

[4] Concomitant with the Rule 8 deficiencies, there are other legal impediments warranting *sua sponte* dismissal. First, with respect to the Commonwealth of Massachusetts, it is entitled to sovereign immunity under the Eleventh Amendment, and therefore cannot be sued in this Court for alleged § 1983 violations. Alabama v. Pugh, 438 U.S. 781, 781 (1978). Second, Bouvier has not sufficiently alleged facts to support a § 1983 claim against the defendants, as she has not pled facts to support that their conduct involved state action. See Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1 (1st Cir. 2005). Third, to the extent that Bouvier asserts claims on behalf of her children, she may not represent them in this Court, because she is not a duly-licensed attorney. See District of Massachusetts Local Rule 83.5.3(c); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). Finally, while the dates of the alleged wrongdoings are unclear, it appears that many, if not all, of Bouvier's claims are time-barred by the statute of limitations for civil rights actions, in view of the allegations contained in her prior lawsuit commenced in 2007, and her allegations in this Complaint that the conduct commenced 10 years ago, and the allegations in the Addendum that certain wrongful conduct occurred in 2004. See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 502 U.S. 1063 (1992)(a complaint asserting a time-barred claim may be dismissed as frivolous under the *in forma pauperis* statute).

D.  <u>Declination Over State Law Claims</u>

Under 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); <u>see</u> <u>Claudio-Gotay v. Becton Dickinson Caribe, Ltd.</u>, 375 F.3d 99, 104 (1st Cir. 2004) <u>cert.</u> <u>denied</u>, 543 U.S. 1120 (2005). Here, Bouvier has not asserted any discernible federal claims, and no state law claims have been expressly asserted either. In any event, in the absence of a cognizable federal claim forming the basis of the subject matter jurisdiction of the Court, this Court would decline to exercise supplemental jurisdiction over any state law claim based on the allegations in the Complaint, to the extent that Bouvier has any (<u>e.g.</u>, tortious interference with business relationships).

III. ORDER

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED; and

2.  This action is DISMISSED *sua sponte*.

SO ORDERED.

/s/ Patti B. Saris
UNITED STATES DISTRICT JUDGE

12